IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRYL LA'KEITH MADISON, #914102, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-0905-P |
| | § | |
| JOHN J. BOYLE, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Polunsky Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Livingston, Texas. Defendants are Defense Counsel John J. Boyle, Appellate Counsel Jan E. Hemphill, Assistant District Attorneys Robert Rogers and Katheryn West, and District Judge Mark Nancarrow. The court has not issued process in this case, pending preliminary screening.

Statement of Case: The complaint primarily seeks to challenge Plaintiff's criminal conviction for burglary of habitation for which he was sentenced to fifty year imprisonment. *See State v. Madison,* No. F99-36743-TQ (Dallas County, Texas, Feb. 16, 2000), *affirmed*, No. 8-00-142-CR, 2001 WL 803014 (Tex. App. – El Paso Jul. 17, 2001, pet. ref'd). Although Plaintiff

sets out some allegations against the individual defendants in the "parties" section of his complaint, he only requests relief in the form of an "order [of] reversal/remand of my conviction and sentence . . . " (Complaint at 4).

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

Insofar as Plaintiff requests reversal of his conviction and release from confinement, his claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoted cases omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 1835-37 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional

2

conditions of confinement and prison procedures).  Since Petitioner previously sought habeas relief under § 2254, *see Madison v. Dretke*, 3:03cv1751-N (N.D. Tex. 2005) (dismissing habeas corpus petition as barred by the one-year statute of limitations), his complaint – construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 – should be dismissed without prejudice to his right to file a motion for leave to file a second or successive petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

To the extent Plaintiff seeks monetary relief against the individual Defendants, his complaint lacks an arguable basis in law and should be dismissed with prejudice as frivolous. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).  The acts or omissions of Plaintiff's trial and appellate attorneys did not occur under color of state law for purposes of 42 U.S.C. § 1983.  It is well established that an attorney does not act under color of state law in representing a defendant in a criminal case.  *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S. Ct. 445, 453 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (court appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

The remaining defendants are absolutely immune from any claim for monetary damages. The assistant district attorneys' alleged failure "to give notice and charge [the] offense of 'attempted theft of a lawn mower'" was taken in their role as prosecutors while preparing for the initiation of criminal proceedings against Plaintiff.  *See Kalina v. Fletcher*, 522 U.S. 118, 123-24, 118 S. Ct. 502, 506 (1997) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984,

Case 3:09-cv-00905-P   Document 4   Filed 06/01/09   Page 4 of 5   PageID 14

995 (1976) (prosecutor is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997) (same).

Likewise, the trial judge's action in failing to "provide notice and admonish Plaintiff of [the] misdemeanor offense" was done in his capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S. Ct. 1099, 1106 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994)); *see also Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996); *Krueger v. Reimer,* 66 F.3d 75, 76-77 (5th Cir. 1995) (per curiam).

In the alternative, any claim for monetary damages is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). A ruling in Plaintiff's favor on the various claims pled against the individual Defendants would necessarily imply the invalidity of his underlying criminal conviction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claim seeking to reverse and remand his conviction, construed as a request for habeas relief, be DISMISSED without prejudice, and that Plaintiff's claims against the individual Defendants be DISMISSED with prejudice as frivolous, and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).

4

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 1ˢᵗ day of June, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.